## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD C. HELLER, JOHN R. FLINN, ) | |
| MATTHEW W. LINDSEY, OTTO G. ) | |
| BARTON, II, and CHRIS WILLIAM ) | |
| BENDER, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 04-265J |
| ) | |
| v. ) | |
| ) | |
| JERRY C. FULARE a/k/a JEROME ) | JUDGE GIBSON |
| FULARE, individually, and in his official ) | |
| capacity of Logan Township Supervisor, ) | |
| ) | |
| Defendant. ) | |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Defendant's Motion for Partial Dismissal of

Plaintiffs' Second Amended Complaint (Document No. 24). This is the third motion to dismiss filed

in this matter and it challenges the sufficiency of the pleadings set forth in the third complaint filed in

this matter.

The procedural and factual background of this matter has been recounted in the Court's two

previous Memorandum Opinions and will not be set forth again herein. However, since the filing of

the latest Memorandum Opinion of the Court in this matter, the Defendant appealed an Order of this

Court and obtained a judgment against the Plaintiffs as to claims of defamation found in Count III of

each of the complaints of record when the Court of Appeals for the Third Circuit overturned this

Court's previous conclusion that absolute immunity did not apply to the alleged actions of the Defendant. The Order of Court issued on this date will dismiss Count III of the Plaintiffs' Second Amended Complaint in accordance with the judgment of the Court of Appeals.

In the present motion before the Court, the Defendant moves to dismiss Counts II, IV and V of the Plaintiffs' Second Amended Complaint (Document No. 22). As to Counts II and V, the Plaintiffs agree that Plaintiff Bender does not have standing to make the claims alleged therein and thus acknowledge that dismissal of said counts is proper as to that Plaintiff. See Plaintiffs' Memorandum (Document No. 26), p. 2. This will result in Plaintiff Bender being dismissed as a party in this case as he has no remaining claims. Therefore, only two counts remain operative within the Plaintiffs' Second Amended Complaint-Count I, an action pursued under 42 U.S.C. § 1983 alleging a violation of Plaintiffs Heller, Flinn, Lindsey and Barton's First Amendment rights, and Count IV, another action pursued under 42 U.S.C. § 1983 alleging a violation of the Plaintiffs Heller, Flinn, Lindsey and Barton's Substantive Due Process rights. See Second Amended Complaint, ¶ ¶ 1-46, 61-75. The Defendant only challenges the sufficiency of the allegations of Count IV, the Substantive Due Process claim.

The Court has jurisdiction over the Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and the Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12 b) 6):

the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). In determining whether a claim should be dismissed under Rule 12(b)(6),

2

a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); *D.P. Enters.*, 725 F.2d at 944.

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). In considering a

motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but

is deciding if the plaintiff is entitled to offer evidence to support claims. *Lake v. Arnold*, 112 F.3d 682

(3d Cir.1997); *Nami v. Fauver,* 82 F.3d 63 (3d Cir. 1996).

[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3rd ed.

2004)(footnotes omitted).

The Defendant asserts that the claims in Count IV of the Second Amended Complaint "cannot

survive because they are based on nothing more than Plaintiffs' claimed injury to reputation."

Defendant's Motion, p. 2. The Plaintiffs' counter-argue that they are proceeding with this claim under

3

the "reputation-plus" rule of *Paul v. Davis,* 424 U.S. 693, 701, 709, 96 S.Ct. 1155, 1160-1161, 1164, 47 L.Ed.2d 405, 413-414, 418-419 (1976) claiming that injury to their reputation occurred with public comments made by the Defendant while a "retaliatory prosecution" was initiated against the Plaintiffs. Plaintiffs' Memorandum, p. 3.

The Complaint only alleges an investigation by the Pennsylvania State Police of the Plaintiffs in relation to "unlawful material" being "placed on" the Logan Township Police Department's "Amber Alert computer" and an investigation by the Pennsylvania Attorney General into the same matter, as well as the Plaintiffs' involvement in a "conspiracy" concerning their former Police Chief Moss and Police Chief Valle regarding Chief Moss' municipal police officer certification testing. Second Amended Complaint, ¶ ¶ 30-43. The investigation resulted in a finding by the Pennsylvania Attorney General that insufficient evidence supported the allegations of "corruption within the Logan Township Police Department." Second Amended Complaint, ¶ 43.

A review of Count IV of the Second Amended Complaint reveals that the Plaintiffs have failed again to identify a specific right under the substance due process clause that was violated by the actions of the Defendant. Furthermore, the Second Amended Complaint fails to allege a deprivation of any possible substantive due process right in the facts alleged.

In the interim while this matter was under interlocutory review by the Court of Appeals, that Court decided the case of *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) which considered the very issue before the Court today. In *Hill*, the Court of Appeals recognized that claims of injury to one's reputation are protected as a liberty interest, but that such claims may not stand alone under the Fourteenth Amendment and such injury is only cognizable when coupled with a deprivation of a

4

separate right or interest. *Hill* at 235-236. This is known as the "stigma-plus" test by the Court of

Appeals, and is what the Plaintiffs have referred to under the name "'reputation-plus' rule." *See Hill*

at 236. The Court of Appeals defined it as follows:

> In the public employment context, the "stigma-plus" test has been applied to mean that
> when an employer "creates and disseminates a false and defamatory impression about
> the employee in connection with his termination," it deprives the employee of a
> protected liberty interest. *Codd v. Velger*, 429 U.S. 624, 628, 97 S.Ct. 882, 51 L.Ed.2d
> 92 (1977). The creation and dissemination of a false and defamatory impression is the
> "stigma," and the termination is the "plus." When such a deprivation occurs, the
> employee is entitled to a name-clearing hearing.

*Hill* at 236(footnote omitted).

The case *sub judice* is distinguishable in that in the Second Amended Complaint there is no

allegation of a deprivation of a substantive due process right. If the Court were to assume that the

substantive due process rights the Plaintiffs alleged were violated concerned their employment status,

the Plaintiffs' individual employment statuses have not been alleged to have been affected in any way

by the Defendant. It is only alleged that investigations of the Plaintiffs were begun and that they

eventually resulted in a conclusion that sufficient evidence of wrongdoing did not exist. No allegations

of loss of pay or benefits, change in working conditions, demotion or termination have been made.

Without the "plus" side of the test, the Plaintiffs' claims of injury to their reputations are not

cognizable. *Hill* at 236.[1]

---

[1] The Court in *Hill* concluded that the termination of employment, despite the fact that a
terminated party did not have a property interest in his continued employment under the substantive due
process clause, is a sufficient act to satisfy the "plus" requirement in a claim of injury to reputation
under a liberty interest of the substantive due process clause. *See Hill* at 237-238. The issue of whether
the Plaintiffs possessed a property interest in their continued employment is not presented in the case
*sub judice*.

In *Hill,* the Court of Appeals reviewed its previous precedent regarding matters similar to the

case *sub judice*:

> We *have* in several cases used language that could be read broadly to require that the "plus" be loss of a job in which the plaintiff had a protectible property interest. *See Ersek*, 102 F.3d at 83 n. 5 (noting this). These cases, however, are all factually distinguishable. In each of them, we held that the deprivation the plaintiff suffered along with stigma to his reputation was not sufficiently weighty to satisfy the "plus" requirement. We so held because the plaintiff did *not* lose his job, and instead complained about some adverse employment action less drastic than discharge. *See Edwards,* 156 F.3d at 492 (plaintiff was suspended with pay, but was not fired); *Kelly,* 107 F.3d at 1077-1078 (plaintiff was reprimanded and disciplined, but was never suspended, removed, fined or reduced in rank); *Clark*, 890 F.2d at 617-620 (plaintiff's duties were changed, but he did not lose his job, and neither his grade nor his pay was lowered); *Robb,* 733 F.2d at 294 (plaintiff was transferred and denied a promotion, but remained employed by the City of Philadelphia at the same classification level and pay scale that he had previously had). *See also Versage*, 984 F.2d at 1370-1371 (plaintiff lost job as firefighter, but job was only a volunteer position to begin with). Here, however, Hill did lose his job. The "plus," consisting of Hill's constructive discharge was substantial--so substantial, in fact, that we can comfortably hold that Hill has met all requirements of "stigma-plus."

*Hill* at 238 (emphasis in original). In view of this precedent and that the facts alleged in the Second Amended Complaint are accepted as true for purposes of this motion, the Court finds that the Plaintiffs have failed to allege an adverse change in their employment status, *i.e.* termination, and thus have not established a violation of substantive due process rights that satisfies the "plus" prong of the "stigma-plus" test. Count IV must therefore be dismissed and because the Plaintiffs have failed to present allegations sufficient to present this claim through three separate drafts of a complaint, the dismissal shall be with prejudice as the Court is convinced that an amendment of the Plaintiffs' Second Amended Complaint will not result in the Plaintiffs being able to state a claim for relief in that Plaintiffs have previously had three opportunities to do so.

**AND NOW** this 25th day of September, 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion for Partial Dismissal of Plaintiffs' Second Amended Complaint (Document No. 24) is GRANTED and Counts II, IV and V of the Plaintiffs' Second Amended Complaint are DISMISSED WITH PREJUDICE, and IT IS FURTHER ORDERED THAT in accordance with the Judgment of the Court of Appeals of the Third Circuit in this matter dated July 6, 2006, Count III is DISMISSED WITH PREJUDICE.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**